FILED '10 AUG 26 11:08 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

ROBERT A. CORRY,

              Plaintiff,             Civil No. 09-6322-TC

           v.                 FINDINGS AND
                                    RECOMMENDATION

MARION COUNTY, et al.,

              Defendants.

COFFIN, Magistrate Judge.

    Plaintiff filed this action under 42 U.S.C. section 1983,
alleging that defendants violated his rights under the First
and Fourteenth Amendments. The crux of plaintiff's complaint
appears to be that he was initially required to reside at the
Union Gospel Mission as a condition of his supervised release
on parole.  Plaintiff seeks money damages and declaratory and
injunctive relief.

    Plaintiff has filed a Motion for Default Judgment (#25)
and defendants move to dismiss.

1 - FINDINGS AND RECOMMENDATION

Motion for Default Judgment (#25): The entry of a default
judgment is a discretionary decision of the court. Aldabe v.
Aldabe, 616 F.2d 1089 (9th Cir. 1980). Even if defendants did
not file their responses within the time-lines alleged by
plaintiff, they have filed the dispositive motions  discussed
below.  Plaintiff has not established any substantial
prejudice resulting from the delay, if any, in defendants'
responsive pleadings.

Plaintiff's Motion for default Judgment (#25) should be
denied.

Marion County Defendants Motion to Dismiss (#26): Defendants
Marion County, Marion County Sheriff's Office Jail and Nursing
Staff, Marion County Adult Parole and Post Prison Supervision,
Marion County Sheriff Russ Isham, Jake Greer, Shannon
Tavernier, Seth Prowser, Susie Schindler, Tami Nims, Debra
Davis and Lacy Carter, move to dismiss plaintiff's claims
against them on grounds of "insufficient service of process."
Motion to Dismiss (#26), p. 2.

Fed. R. Civ. P. 4(m) provides:  If a defendant is not
served within 120 days after the complaint is filed, the court
- on motion or on its own motion after notice to the plaintiff
- must dismiss the action without prejudice against that
defendant or order that service be made within a specified
time."

Plaintiff filed his complaint in November 12, 2009.
Pursuant to Fed. R. Civ. P. 4(m), plaintiff had until March

2 - FINDINGS AND RECOMMENDATION

12, 2010, to complete service on the defendants.  On March 8, the court ordered that the clerk issue summons for service. Plaintiff did not request and did not show good cause for an extension of the service deadline. In its order, the court did not expand the period for service. See, Order (#12). All except one of the Marion County defendants were served by certified mail on May 17, 2010, 2 months after the time for service under Rule 4(m) had expired.[1]

Therefore, Marion County Defendants' Motion to Dismiss (#26) plaintiff's claims against them without prejudice should be allowed.  However, plaintiff should be allowed 60 days from the date of this order to properly serve the Marion County defendants.

Plaintiff is advised that when the court orders service by the U.S. Marshal, it is the plaintiff's responsibility to complete instructions for service of process on a form USM285. As set forth in defendants' Memorandum (#27), none of the Marion County defendants were served by the methods authorized by the rules.

If plaintiff intends to attempt proper service on defendants he is referred to the Federal Rules of Civil Procedure and the Oregon Rules of Civil Procedure discussed at pages 3-6 of the Marion County Defendants Memorandum for Motion to Dismiss (#27).

---

[1]Defendants allege that defendant Russ Isham "has not been served the Summons and Complaint by any method."  Memorandum of Law (#27), p. 3 fn.1.

3 - FINDINGS AND RECOMMENDATION

If requested by plaintiff, the Clerk is directed to issue process with service to be made by the U.S. Marshal. If plaintiff does not properly serve the Marion county defendants within 60 days of the date of this order, this action should be dismissed with prejudice.

Board's Motion to Dismiss (#29): Defendant Board of Parole and Post-Prison Supervision ("the Board") moves to dismiss plaintiff's claims against it on the ground that it is entitled to Eleventh Amendment immunity and because "plaintiff has not stated any facts to support a claim against the Board." Motion to Dismiss (#29) p. 2.

The Supreme Court has repeatedly stated that a state or its officials or agencies may not be sued by private individuals in federal court unless the state has unequivocally consented to that action, or Congress has unequivocally expressed its intent under the Fourteenth Amendment to waive the immunity of the States. Board of Trustees of University of Alabama v. Garrett, 531 U.S. 356 (2001); see also, Quern v. Jordan, 440 U.S. 332 (1979); Edleman v. Jordan, 415 U.S. 651, 673 (1984); Pennhurst State School and Hospital v. Halderman, 465 U.S. 89 (1984). The Eleventh Amendment otherwise bars any such action regardless of the nature of the relief sought. Cory v. White, 457 U.S. 85 (1982); Brooks v. Sulpher Springs Valley Elec. Co-Op, 951 F.2d 1050, 1053 (9th Cir. 1991) ["The Eleventh Amendment's jurisdictional bar covers suits naming state agencies and

departments as defendants, and applies whether the relief sought is legal or equitable in nature."]  In addition, a state's waiver of sovereign immunity in its own courts does not waive its Eleventh Amendment immunity in federal court. Edleman v. Jordan, supra.  Thus, the enactment of the Oregon Tort Claims Act did not waive the State of Oregon's Eleventh Amendment immunity.

In this case, plaintiff alleges claims against the Board of Parole and Post-Prison Supervision - an agency of the State of Oregon.  Plaintiff has not established any waiver of the Board's immunity or that the Board has consented to suit. Therefore, plaintiff's claims are barred under the Eleventh Amendment.[2]

In addition, plaintiff's complaint alleges claims based on the alleged conduct or actions of various Marion County employees and parole officers. Plaintiff's only allegation against the Board is that it is "responsible under State Law for the acts and omissions of its employees and officials... based on the doctrine of Respondeat Superior." Complaint (#2), p. 10.

County employees are not employees or officers of the

---

[2]To the extent that prospective injunctive relief may be available against a state or state agency, plaintiff's claim for injunctive relief in this case is moot because the record reflects he was released from the requirement that he reside at the Union Gospel Mission prior to filing this lawsuit. See, Notice of Change of Address (#10) p. 12-13..  Moreover, as explained herein, defendant Board had no responsibility for that requirement or any of the conditions or conduct complained of in plaintiff's complaint.

Board, which is an agency of the State.  see, ORS 294.004
(defining local government); 423.549 (authorizing counties to
have sole authority over community supervision and abolishing
state employee involvement). Thus, the Board is not liable for
the actions of county employees.

     Moreover, it is well settled that respondeat superior is
not a proper basis for liability under 42 U.S.C. § 1983.
Monell v. Dept. of Social Services of City of New York, 436
U.S. 658, 691-694 (1978); Rizzo v. Goode, 423 U.S. 362, 375-76
(1976); King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987).

     A supervisor may be liable based on his or her personal
involvement in an alleged deprivation of rights, or if there
is a sufficient causal connection between the supervisor's
alleged wrongful conduct and the alleged deprivation, Hansen
v. Black, 885 F.2d 642, 646 (9th Cir. 1989), but a "supervisor
is only liable for constitutional violations of his
subordinates if the supervisor participated in or directed the
violations, or knew of the violations and failed to act to
prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.
1989), citing Ybarra v. Reno Thunderbird Mobile Home Village,
723 F.2d 675, 680-81 (9th Cir. 1984).

     Plaintiff has not alleged that the Board personally
participated in the alleged conduct giving rise to his claims
or that they knew of the alleged violations and failed to act
to prevent them.  Thus, even if the Board is a "supervisor" of
Marion County employees - which it is not, plaintiff's

allegations fail to state a claim based on a theory of *respondeat superior.*

The Board's Motion to Dismiss (#29) should be allowed. Plaintiff's claims against the Oregon State Board of Parole and Post Prison Supervision should be dismissed with prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this 26 day of August, 2010.

Thomas M. Coffin
United States Magistrate Judge

7 - FINDINGS AND RECOMMENDATION