FILED 11 MAY 18 13:04 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

ROBERT A. CORRY,

           Plaintiff,        Civil No. 09-6322-TC

         v.             FINDINGS AND
                         RECOMMENDATION

MARION COUNTY, et al.,

          Defendants.

COFFIN, Magistrate Judge.

    Plaintiff filed this action under 42 U.S.C. section 1983,
alleging that defendants violated his rights under the First
and Fourteenth Amendments. The crux of plaintiff's complaint
appears to be that he was initially required to reside at the
Union Gospel Mission as a condition of his supervised release
on parole.  Plaintiff seeks money damages and declaratory and
injunctive relief.

    On June 23, 2010, the Marion County defendants moved to
dismiss plaintiff's complaint as to them on the grounds of

"insufficient service of process." Marion County Defendants

Motion to Dismiss (#26). In a Findings and Recommendation

(#32) entered August 26, 2010, the court ruled on defendants'

motion as follows:

> <u>Marion County Defendants Motion to Dismiss (#26):</u>
> Defendants Marion County, Marion County Sheriff's
> Office Jail and Nursing Staff, Marion County Adult
> Parole and Post Prison Supervision, Marion County
> Sheriff Russ Isham, Jake Greer, Shannon Tavernier,
> Seth Prowser, Susie Schindler, Tami Nims, Debra
> Davis and Lacy Carter, move to dismiss plaintiff's
> claims against them on grounds of "insufficient
> service of process." Motion to Dismiss (#26), p. 2.
>      Fed. R. Civ. P. 4(m) provides: If a defendant
> is not served within 120 days after the complaint
> is filed, the court - on motion or on its own
> motion after notice to the plaintiff - must dismiss
> the action without prejudice against that defendant
> or order that service be made within a specified
> time."
>      Plaintiff filed his complaint in November 12,
> 2009. Pursuant to Fed. R. Civ. P. 4(m), plaintiff
> had until March 12, 2010, to complete service on
> the defendants. On March 8, the court ordered that
> the clerk issue summons for service. Plaintiff did
> not request and did not show good cause for an
> extension of the service deadline. In its order,
> the court did not expand the period for service.
> <u>See</u>, Order (#12). All except one of the Marion
> County defendants were served by certified mail on
> May 17, 2010, 2 months after the time for service
> under Rule 4(m) had expired.
>      Therefore, Marion County Defendants' Motion to
> Dismiss (#26) plaintiff's claims against them
> without prejudice should be allowed. However,
> plaintiff should be allowed 60 days from the date
> of this order to properly serve the Marion County
> defendants.
>      Plaintiff is advised that when the court
> orders service by the U.S. Marshal, it is the
> plaintiff's responsibility to complete instructions
> for service of process on a form USM285.
> As set forth in defendants' Memorandum (#27), none
> of the Marion County defendants were served by the
> methods authorized  by the rules.
>      If plaintiff intends to attempt proper service
> on defendants he is referred to the Federal Rules
> of Civil Procedure and the Oregon Rules of Civil

> Procedure discussed at pages 3-6 of the Marion
> County Defendants Memorandum for Motion to Dismiss
> (#27).
>      If requested by plaintiff, the   Clerk is
> directed to issue process with service to be made
> by the U.S. Marshal. If plaintiff does not properly
> serve the Marion county defendants within 60 days
> of the date of this order, this action should be
> dismissed with prejudice.

Findings and Recommendation (#32) p. 2-4.

By Order (#41) the Findings and Recommendation was adopted by Judge Aiken.

On December 27, 2010, plaintiff's motion to file an amended complaint (#42) was allowed, and plaintiff was allowed until February 25, 2011 to serve the amended complaint on Marion County. The order stated that "no further extensions of time will be allowed." See, Order (#43).

On February 7, plaintiff filed an amended complaint (#44). On March 11, 2011, plaintiff filed returns of service executed as to Shannon Tavernier (#45), Seth Prouser (#46) Marion County (#47), Marion County Sheriff's Office (#48) and Marion County Adult Parole and Post Prison Supervision (#49).

Defendants now move to dismiss plaintiff's claims on grounds of insufficient service of process. Motion to Dismiss (#52).

Defendants argue: "The Judge ordered that the Amended Complaint must be filed and properly served upon Defendants by February 25, 2011. Plaintiff claims that service was performed on all Defendants by Mr. Gerald F. Arndt, Jr., through office service on February 25, 2011. In reality,

Plaintiff himself served the copies of the Summons and
Complaint on February 25, 2011.  Two Marion County employees
named in the proofs of service filed with the court identified
Plaintiff rather than Mr. Arndt as the man who dropped off the
documents.  Declarations of Joanna Ritchie and Carrie McVey.
Further, Mr. Arndt was in custody at the Marion County Jail on
February 25, 2011, until 3:51 p.m.  Declaration of Kristin
Lurtz.  Service of the Defendants occurred between 1:50 and
3:00 p.m.  Declarations of Joanna Ritchie and Carrie McVey.
Lastly, 'Shirly Gallaman,' the person who allegedly was served
at the Marion County Parole and Probation ("MCP&P") reception
desk with documents for Seth Prouser and MCC&P, is not a
Marion County employee, past or present.  Declaration of
Kirstin E. Lurtz." Defendants' Memorandum (#53) p. 3-4.

     The Declarations of Kirstin Lurtz (#54), Joanna (#55) and
Carrie McVey (#56), support defendants' argument that
plaintiff, rather than "Gerald F. Arndt" served process on the
defendants.  Plaintiff has not disputed defendants' contention
in this regard.

     FRCP 4(c)(2) prohibits a party to a lawsuit from
performing service of the summons and complaint filed therein.
Therefore, plaintiff did not properly complete service on
defendants by February 25, 2011, as ordered by the court.
Defendants are entitled to dismissal of plaintiff's claims.

     This action should be dismissed for the additional reason
that it appears that plaintiff has perpetrated a fraud upon

4 - FINDINGS AND RECOMMENDATION

the court by filing false and perjurious returns of service. Defendants' Motion to Dismiss (#52) should be allowed. Plaintiff's Motion to Amend Summons (#59) and Motion to Proceed (#63) should be denied. This case should be dismissed with prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this 18 day of May, 2011.

_____
Thomas M. Coffin
United States Magistrate Judge